INTERNATIONAL TRUST COMPANY v. UFTON GROVE LAND & IMPROVEMENT COMPANY and Others.[1]

January 12, 1898.

Nos. 10,809—(228).

Mortgage—Foreclosure—Construction of Trust Deed—Payment of Taxes and Prior Liens by Trustee.

A trust deed construed, and *held*, that it does not require the trustee to pay taxes and prior liens upon separate lots or parcels of the mortgaged premises, as to which he asserts no claim in his foreclosure proceedings.

[1] Reported in 73 N. W. 716.

Appeal by defendant John E. Ransom, as executor of the estate of R. W. Ransom, deceased, from an order of the district court for Ramsey county, Kelly, J., sustaining plaintiff's demurrer to his answer.   Affirmed.

*C. D. & Thomas D. O'Brien,* for appellant.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

START, C. J.

This is an action by the trust company to foreclose a mortgage, which is in form a trust deed, made to it by the defendant land company upon a large number of separate lots and parcels of real estate, to secure an issue of coupon bonds to the amount of $100,000. The appellant, Ransom, was not originally a party to the action, but he appeared by consent and filed an answer, to which the plaintiff interposed a general demurrer, and Ransom appealed from an order sustaining it.

The appellant, as executor, holds two mortgages for $250 each, which are a prior lien on two of the lots included in the trust deed in question, and claims in his answer that he is entitled to be paid the amount thereof, by virtue of the provisions of the trust deed, out of the proceeds of the foreclosure sale to be made in this action. The only question for our consideration is the merits of this claim, which is to be determined by an examination of the terms of the trust deed.   This deed expressly conveys the two lots upon which the appellant holds the mortgages subject to the mortgages which are a first lien thereon; hence, on the foreclosure sale, the lots could be sold only subject to appellant's lien, unless the same was paid before sale.   Such a sale would not and could not affect his lien. But this is not all, for the plaintiff, by its complaint, expressly omits such lots with others from its action to foreclose, because they are subject to prior mortgages to their full value.

Just why the appellant should be entitled to have his mortgages paid out of a fund arising exclusively from the sale of lots which he has no lien upon, or interest in, whatever, we are unable to understand.   He bases his claim to such extraordinary relief upon the proposition that the trust deed secures the payment of all prior mortgages on any of the lots or parcels of real estate conveyed by

the trust deed.   The purpose for which the title to the real estate was vested in the trustee is expressly declared in the deed in these words:

"In trust, nevertheless, for the benefit, security, and protection of the persons, firms and partnerships who shall hold the bonds and interest coupons aforesaid, and for the purpose of enforcing the payment thereof."

Clearly, the trust deed secured the payment of the bonds, and nothing else.   The fact that the bonds were issued for the purpose of raising money to pay the indebtedness of the land company resting on its real estate, and to improve the same, as shown by the recitals in the deed, does not modify this conclusion, for the trustee had nothing to do with the disbursement of the money received by the land company for its bonds.   The proper disbursement of the money was a matter resting with the mortgagor, and the deed secured the payment of the money borrowed, not its disbursement according to the original purpose of the mortgagor.

Appellant's last claim is that the trust deed expressly requires the trustee to pay, from the proceeds of the sale on foreclosure of the real estate, all prior liens thereon, including his mortgages. The provision of the trust deed upon which this claim is based provides that the trustee may apply such proceeds as follows:

"First. To the payment of the costs, charges and expenses incurred in and about such sales and proceedings, and in the execution of the trust, and reasonable compensation to the trustee, its agents, attorneys and counsel, and all advances made and liabilities incurred by the trustee in the execution of the trust, and all taxes, assessments and other charges or liens upon trust property prior to the lien of these presents."

This cannot be construed as a mandatory direction to the trustee to pay taxes and prior liens on such parcels of the mortgaged premises which are incumbered with prior liens in excess of their value, and as to which he asserts no claim in his foreclosure proceedings.   So to construe the provision would be unreasonable and absurd.   If, in the execution of his trust, he deems it for the interest of the bondholders to pay such taxes and liens, he may apply so much of the proceeds of sale as may be necessary for such purpose.

The primary duty of the trustee is to pay the bondholders, and, in the discharge of that duty, he may or may not, in his discretion, pay taxes and prior incumbrances on such lots as to which he deems it for the interest of the trust to enforce the mortgage.

Order affirmed.